UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CRAIG TAYLOR ROBINSON,  No. 10-11858

                        Debtor(s).
_____/

AQUENT, LLC,

                        Plaintiff(s),

       v.  A.P. No. 10-1109

CRAIG TAYLOR ROBINSON,

                        Defendant(s).
_____/

Memorandum After Trial
_____

      The evidence presented at trial established that plaintiff Aquent, LLC, was the victim of a fraudulent scheme arising out of its role as a factor of the receivables of Allied Solutions Group, Inc. The scheme involved false invoices and fictitious receivables.

      Defendant Craig Robinson was the president and sole shareholder of Allied. Following a judgment in favor of Aquent in the sum of $11.1 million against him and others entered in federal district court in Ohio, Robinson filed a Chapter 7 petition in this court. Aquent seeks a determination that the judgment is nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code.

1

The evidence proved numerous false statements made to employees of Aquent by Robinson by both telephone and email. Rather than answer the questions put to him, Robinson repeatedly invoked his right against self-incrimination. Most tellingly, he never denied that he made the statements or sent the emails.

Robinson asserts, without authority, that the court cannot draw adverse inferences from his refusal to answer the many questions Aquent's counsel put to him regarding his conduct. However, the law is quite the contrary. The Fifth Amendment does not forbid adverse inferences against parties to civil proceedings when they refuse to testify in response to probative evidence offered against them. *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976). In fact, such refusal may be evidence of the most persuasive character. *Id.* at 319.

The court accordingly has no difficulty finding that Robinson was an active and knowing participant in the scheme and made numerous knowingly false statements to Aquent with the intent to induce Aquent to pay money to Allied based on false invoices. Aquent relied reasonably and justifiably on these false statements and suffered many millions of dollars in damages as a result. Accordingly, the judgment which Aquent obtained against Robinson in district court is nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code.

This memorandum, as well as the statements made by the court on the record at the conclusion of the trial, constitute the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Aquent shall submit an appropriate form of judgment forthwith.

Dated: May 18, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

2